IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| HOLY BAND OF INSPIRATION DELIVERANCE TEMPLE, INC., | |
| Plaintiff, | CIVIL ACTION NO.: 2:21-cv-30 |
| v. | |
| CHURCH MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

**O R D E R**

This matter is before the Court on September 24, 2021 Order granting Defendant's motion to compel, doc. 17, and Defendant's Affidavit Regarding Request for Attorney's Fees, doc. 19. For the reasons set forth below, Plaintiff is **ORDERED** to pay Defendant $4,161.50 as soon as practicable, but, in no event later than **June 30, 2022**, for expenses and fees Defendant incurred in bringing its motion to compel.[1]

Defendant filed a motion to compel, in which it argued Plaintiff had failed to adequately respond to Defendant's discovery requests. Doc. 14. Plaintiff failed to respond to the motion to compel. The Court granted Defendant's motion to compel and ordered Plaintiff to pay the fees Defendant incurred in bringing its motion to compel. Doc. 17. The Court ordered Defendant to file a brief and accompanying evidence demonstrating costs. Defendant complied and filed an affidavit of Mr. Eric R. Mull, counsel for Defendant. Doc. 19. In that affidavit, Mr. Mull

---

[1] Defendant has also filed a separate motion stating Plaintiff has failed to comply with the Court's Order granting Defendant's motion to compel and seeking dismissal Plaintiff's case as a sanction for that non-compliance. Doc. 21. That motion will be addressed separately.

testifies he and his associate worked on the motion to compel and his hourly rate is $195 and his associate's hourly rate is $175. Doc. 19-1 at 2. Mr. Mull testified his and his associate's rates are reasonable and appropriate given his general knowledge of legal rates. Mr. Mull testified he and his associate billed a combined total of 22.3 hours in connection with preparing and filing the motion to compel. Id. In the calculation of hours, Defendant allotted 6.3 hours to preparing a good-faith conferral letter, 3.7 hours to communicating with opposing counsel and the Court about discovery issues, and 12.3 hours for preparing the motion to compel and related exhibits. Id. In total, Defendant requested $4,161.50. Id.

The Court ordered the parties to appear at a hearing to address the matter on May 9, 2022. Doc. 26. The Court ordered Plaintiff's counsel and a representative of the Plaintiff entity to appear in person. Mr. Adams appeared as counsel along with a client representative. Doc. 27. At the hearing, the Court reviewed Mr. Mull's affidavit and inquired with Plaintiff whether there were any objections. Plaintiff stated it did not dispute its obligation to pay the fees incurred by Defendant in bringing the motion to compel. Plaintiff did not dispute the number of hours identified in Mr. Mull's affidavit, the rates charged by Mr. Mull and his associate, or the total amount of fees requested by Defendant.

Under Federal Rule of Civil Procedure 37(a)(5)(A), the Court shall order Plaintiff to pay Defendant's reasonable expenses in making its motion to compel. In the Eleventh Circuit, courts use the lodestar approach to determine reasonable attorney fees. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The Court determines the lodestar by multiplying the number of hours reasonably expended by a reasonably hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 2005). The fee applicant, Defendant in the instant case, bears the burden of establishing entitlement and documenting the appropriate hours and rates.

Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001).  Defendant can meet this burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates."  Chemische Fabrick Budenheim KG v. Bavaria Corp. Int'l, No. 6:08-cv-1182, 2010 WL 98991, at *4 (M.D. Fla. Jan. 6, 2010) (citing Norman, 836 F.2d at 1299).  "Because the Court is itself considered an expert on hourly rates in the community, it may consult its own experience in forming an independent judgment."  Glob. Events Mgmt. Grp., Inc. v. Mullins, CV 113-101, 2015 WL 5334304, at *2 (S.D. Ga. Sept. 14, 2015) (citing Norman, 836 F.2d at 1303) (awarding fees Rule 37 utilizing lodestar approach).  As to the billing hours, "attorneys must exclude excessive, redundant, or otherwise unnecessary hours from fee applications."  ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).  "A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case."  Norman, 836 F.2d at 1303.

After reviewing Mr. Mull's unchallenged affidavit, I find the requested hours are reasonable and should be paid.  Therefore, the Court **ORDERS** Plaintiff to pay $4,161.50 to Defendant as soon as practicable, but, in no event later than **June 30, 2022**.

**SO ORDERED**, this 23rd day of May, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA